**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSHUA BRAND,

        Plaintiff,

v.                                   CIVIL  ACTION  NO.  3:05-0601

HUNTINGTON ENTERTAINMENT, INC.,
d/b/a Banana Joe's Island Party, a West Virginia
Corporation; JOHN DOE#1; JOHN DOE #2; and
JOHN DOE #3,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is Plaintiff Joshua Brand's Motion for Summary Judgment. Defendants Huntington Entertainment, Inc. and John Does 1 through 3 have not responded to the motion. On February 6, 2006, this Court entered an Order directing Huntington Entertainment, Inc. to obtain new counsel and have such individual submit a Notice of Appearance to the Court on or before February 27, 2006.  As no new counsel was designated by February 27, the Court entered a second Order on March 1, 2006, directing Huntington Entertainment, Inc. to retain new counsel and have that counsel file a Notice of Appearance with this Court on or before March 15, 2006.  The Court also alerted Huntington Entertainment, Inc. that if it failed to comply with the Order that judgment may be entered against it for the relief sought by Plaintiff.  As no counsel filed a Notice of Appearance or otherwise responded, the Court entered an Order on March 23, 2006, directing Plaintiff to file an appropriate dispositive motion on or before April 13, 2006.  On April 12, 2006, Plaintiff filed the current Motion for Summary Judgment.  Defendants have failed to respond to the motion, and the motion is now ripe for decision.

Plaintiff asserts that Huntington Entertainment, Inc. is a West Virginia Corporation doing business as Banana Joe's Island Party (hereinafter Banana Joe's).  In his Complaint, Plaintiff alleges that, on or about January 15, 2005, he was a business invitee at Banana Joe's when John Does 1 through 3, who were employees, agents, representatives, bounces, and/or security personnel for Banana Joe's, committed an assault and battery upon Plaintiff during the course of their employment.  As a result, Plaintiff states that he suffered injuries for which Defendants are liable.[1]

On March 2, 2006, Plaintiff served his Request for Admissions on Huntington Entertainment, Inc.[2]  In his Request for Admissions, Plaintiff asks Huntington Entertainment, Inc. to admit that John Does 1 through 3 were acting within the scope of their employment and that Banana Joe's is vicarious liable for their acts and the injuries sustained by Plaintiff.  Plaintiff also asked Huntington Entertainment, Inc. to admit that Banana Joe's had a duty of reasonable care; it negligently allowed or permitted violent and unruly conduct by John Does 1 through 3; it breached its duty of reasonable care which proximately caused Plaintiff's injuries and loss; it breached its duty to supervise its employees adequately which proximately caused Plaintiff's injuries and loss; and

---

[1]Plaintiff actually makes eight separate claims in his Complaint.  They are: (1) Assault and Battery against John Doe #1, John Doe #2 and John Doe #3; (2) Intentional Outrageous Conduct against John Doe #1, John Doe #2 and John Doe #3; (3) Vicarious Liability of Defendant Banana Joe's for the Intentional Acts of Defendants John Doe #1, John Doe #2 and John Doe #3; (4) Negligence against Defendant Banana Joe's; (5) Negligent Hiring Against Defendant Banana Joe's; (6) Negligent Supervision against Defendant Banana Joe's; (7) Negligent Retention against Defendant Banana Joe's; (8) Reckless or Intentional Infliction of Severe Emotional Distress against Defendants John Doe #1, John Doe #2 and John Doe #3; and (9) Intentional Infliction of Severe Emotional Distress against Defendant Banana Joe's.

[2]Service was made through the Secretary of State's Office, and the certified mail was signed for by "Lori Snow" on March 9, 2006.

its acts and omissions were willful and wanton and it is liable for Plaintiff's injuries caused by said willful and wanton behavior.

To date, there has been no response to Plaintiff's Request for Admissions. Therefore, Plaintiff argues such requests are deemed admitted under Rule 36 of the Federal Rules of Civil Procedure.[3] Additionally, any matter which is admitted is "conclusively established." *Fed. R. Civ. Proc.* 36(b). "Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner v. Borden, Inc.*, 110 F.R.D. 696 (S.D. W. Va. 1986) (quoting *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552 (E.D. Pa. 1975) (other citations omitted); *see also DIRECTV, Inc. v. Tyler*, No. Civ. A. 5:03CV00094, 2005 WL 1106927, at *2 (W.D. Va. May 9, 2005). Thus, Plaintiff asserts he is entitled to summary judgment.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[3]Rule 36(a) provides, in relevant part:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

*Fed. R. Civ. P.* 36(a), in part.

249 (1986).  Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

Given the admissions in the present case, there is no doubt that summary judgment is appropriate.  By failing to respond, Huntington Entertainment, Inc. has admitted that Plaintiff has suffered injuries and loss because of the acts and omissions of Banana Joe's and its employees.  There being no genuine issue of material fact, the Court agrees with Plaintiff that summary judgment is appropriate.

Accordingly, the Court **GRANTS** summary judgment in favor of Plaintiff and against Huntington Entertainment, Inc.  As the John Doe defendants have never been named in or served

with this action, and the time period for service has now expired, the Court **DISMISSES** this action

against them as well.

        The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to

counsel of record and any unrepresented parties.

ENTER:      May 11, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE